# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-00237-W

| | |
|---|---|
| In Re: Martha Medlock Gallagher, Debtor. | )<br>)<br>)<br>) |
| SUSAN F. KEEVER, | )<br>) |
| Plaintiff-Appellee, | )<br>) **ORDER**<br>) |
| vs. | )<br>) |
| MARTHA MEDLOCK GALLAGHER, | )<br>) |
| Defendant-Appellant. | )<br>)<br>) |

THIS MATTER is before the Court on the appeal of Martha Medlock Gallagher of the order in the adversary proceeding in bankruptcy court (Case. No. 02-33036; Adv. Proc. No. 02-3243) finding the entire $125,000 jury award for Susan Keever's claim against Gallagher to be nondischargeable under 11 U.S.C. § 532(a)(6). For the reasons stated herein, the Court AFFIRMS.

### BACKGROUND

This is the third time this matter has been appealed from the Bankruptcy Court. Consequently, the facts have been thoroughly discussed in the prior decision by the undersigned in the case of In re Gallagher (3:06-cv-108), as well as in the order by the undersigned's colleague in In re Gallagher, 388 B.R. 694 (W.D.N.C. 2008) (3:07-cv-362). The facts discussed in those orders are hereby adopted in full and incorporated by reference as if fully set forth herein.

To put this case–and particularly this Order– in context, it is appropriate to provide a brief procedural history of this matter. In 2001, Appellee Susan Keever sued Appellant Martha Medlock

Gallagher in Gaston County Superior Court for alienation of affection and criminal conversation after Keever discovered Gallagher to be having an affair with Keever's husband. On September 26, 2002, while that suit was still pending, Gallagher filed a voluntary Chapter 7 petition in bankruptcy court. On December 26, 2002, Keever filed an adversary proceeding in bankruptcy court asserting the same claims that were currently pending in the state action. On June 29, 2004, the parties consented to try the two claims in Gaston County Superior Court before a jury, and, if the jury awarded Keever damages, the parities would return to bankruptcy court to consider whether the debt was dischargeable.

Following trial, on September 1, 2005, the jury returned a verdict finding Gallagher liable for both alienation of affection and criminal conversation. The jury awarded Keever "$50,000 for alienation of affection or criminal conversation or both," plus $75,000 in punitive damages. Upon returning to the bankruptcy court, the parties subsequently contested whether the judgment on the torts constituted a nondischargeable debt under 11 U.S.C. § 523(a)(6). By order dated February 28, 2006, the Honorable J. Craig Whitley, United States Bankruptcy Judge, initially decided the doctrine of collateral estoppel barred him from determining whether the judgment was nondischargeable as a "willful and malicious" injury pursuant to 11 U.S.C. § 523(a)(6), as that issue had been determined by the jury's verdict. The bankruptcy court concluded that since the jury found Gallagher liable for the two torts, it necessarily found her conduct to be willful and malicious, therefore making the debt nondischargeable. The court awarded summary judgment for Keever, and Gallagher appealed. On appeal, the undersigned reversed the decision that collateral estoppel bound the bankruptcy court and remanded the case with instructions for the bankruptcy court to make the "willful and malicious" injury determination. (See 3:06-cv-108, Doc. No. 8).

The bankruptcy court, on remand, held a trial and concluded that the state judgment imposing liability for both torts was nondischargeable as a "willful and malicious" injury. Gallagher appealed a second time. On appeal, the Honorable Martin Reidinger affirmed that portion of the bankruptcy court's ruling holding the judgment for alienation of affection to be nondischargeable and reversed that portion of the decision finding criminal conversation to be nondischargeable. In re Gallagher, 388 B.R. at 704. The court instead held that Gallagher's liability for criminal conversation did not satisfy the "willful and malicious" injury requirement, therefore making that debt dischargeable under the 11 U.S.C. § 523(a)(6). Id. The court remanded the case to the bankruptcy court to make findings of fact and determine the narrow issue of "what amount of damages was awarded to Keever solely with regard to the claim for alienation of affections." Id.

On remand, for unknown reasons, a transcript from the State Court Action was unavailable. The bankruptcy court decided to conduct a supplemental trial on March 15, 2010, to receive evidence in order to decide how to apportion the damages. On May 11, 2010, the bankruptcy court entered a Memorandum Order making supplemental findings of fact and conclusions of law. See Doc. No. 60, Keever v. Gallagher, 3:02-ap-3423. In that order, the bankruptcy court held the entirety of the $125,000 jury award is attributable to Gallagher's willful alienation of affection and is nondischargeable as a "willful and malicious injury" under 11 U.S.C. § 523(a)(6). Gallagher appeals to this Court.

**STANDARD OF REVIEW**

The applicable standard of review on an appeal is set forth in Bankruptcy Rule 8013, which provides: "On an appeal the district court . . . may affirm, modify or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . .

. . ." See also Beaman v. Shearin, 224 F.3d 346, 348 (4th Cir.2000). "'A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)); see also In re Regional Building Sys., Inc., 320 F.3d 482, 485 (4th Cir.2003). In an appeal from the bankruptcy court, this Court does not sit in a position to reweigh the evidence and cannot reverse the bankruptcy court just because this Court, had it been sitting as the trier of fact, might have taken a different view of the evidence. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson, 470 U.S. at 574 (citation omitted). Accordingly, "as long as the bankruptcy judge's inferences are reasonable and supported by the evidence, they will not be disturbed." Graham v. Lennington, 74 B.R. 963, 965 (S.D.Ind.1987). This Court also gives deference to the bankruptcy court's assessment of the credibility of witnesses. Educational Credit Mgmt. Corp. v. Gouge, 320 B.R. 582, 583 (W.D.N.C. 2005). As Judge Reidinger noted in an earlier order in this matter, "'absent extraordinary circumstances, an appellate court should not disturb a factfinder's credibility determinations.'" In re Gallagher, 388 B.R. at 698 (quoting In re Environmental Aspecs, Inc., 235 B.R. 378, 384 (E.D.N.C.1999)).

The bankruptcy court's legal determinations are reviewed *de novo*. See In re Varat Enterprises, Inc., 81 F.3d 1310, 1314 (4th Cir.1996).

## ANALYSIS

Gallagher, as the appellant, presents three issues on appeal: (1) "Whether alienation of affection[] should be nondischargeable . . . ;" (2) "Whether the Bankruptcy Court erred as a matter of law in failing to follow the directives of the Remand Order and its own order in conducting an

additional hearing, making additional findings, and in making conclusions contrary to the mandate of the District Court;" and (3) "Whether the Bankruptcy Court's allocation of damages is improper as a matter of law and without basis in the record." (Appellant's Brief, Doc. No. 4, p. 5). The Court will address each of these in turn.

At the outset, the Court notes the posture of this case as an appeal following a remand for a specific purpose: to determine what portion of the state court judgment for damages should be attributed to the alienation of affection claim and what portion should be attributed to the criminal conversation claim. The hearing transcript showing the evidence received by the bankruptcy court and the bankruptcy court's order both indicate that court's best attempt to squarely address the narrow issue presented on remand from Judge Reidinger. In re Gallagher, 388. B.R. 704. Gallagher, however, now attempts to confuse or expand upon the limited reason for which the case was remanded.

In the appeal here, Gallagher spends the majority portion of her brief arguing the bankruptcy court erred by failing to address, on remand, the willfulness of the affair, which formed the basis for the alienation of affection claim. The court, albeit a different judge, already ruled that the record supports a finding that Gallagher committed a "willful and malicious" injury to Keever and to Keever's marital relationship by her actions in alienating the affection of Keever's husband. Id. The court conclusively ruled that the damages awarded for that claim are nondischargeable under 11 U.S.C. § 523(a)(6). Id. Gallagher now asserts that Congress's removal of the language specifically identifying "alienation of affections" as a nondischargeable tort in 11 U.S.C. § 523(a)(6) signifies a clear intent to make this "archaic and disfavored tort" dischargeable in bankruptcy. Gallagher's argument fails for several reasons. As a procedural matter, Gallagher attempts to have this Court revisit an issue already decided by Judge Reidinger in a previous appeal; that is, the dischargeability

of debt created by the judgment against her for alienation of affection. Although Gallagher did not make this *specific* argument regarding the legislative history of the statute to the court in its earlier appeal before Judge Reidinger, the parties nevertheless raised, briefed, and argued their respective positions concerning the bankruptcy court's decision on nondischargeability. In fully resolving the issue of whether Gallagher had the specific intent to willfully and maliciously injure Keever and her marital relationship, Judge Reidinger engaged in an exhaustive analysis of both sides of the argument and the evidence supporting each. In re Gallagher, 388 B.R. 703-04. Following such discussion, the court found the evidence, although weak, to support the bankruptcy court's decision and explicitly ruled:

> [T]he Bankruptcy Court did not err in its determination that Gallagher committed a "willful and malicious injury" to Keever and to Keever's marital relationship by her actions in alienating the affection of Keever's husband. . . . [T]hus, the portion of the Judgment in the State Court Action which may be apportioned to Keever's claim for alienation of affections constitutes a nondischargeable debt under 11 U.S.C. § 523(a)(6).

Id. at 704.

It is inappropriate at this juncture to revisit an issue already decided by another judge of this court. See Arizona v. California, 460 U.S. 605, 618 (1983) (noting the "law of the case" doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); see also Hill v. BASF Wyandotte Corp., 696 F.2d 287, 290 n.3 (4th Cir. 1982) (citing Prack v. Weissinger, 276 F.2d 446 (4th Cir.1960); U.S. v. Whiting, 311 F.2d 191 (4th Cir.1962), cert. denied, 372 U.S. 935 (1963)). Recognizing, however, that the "law of the case" doctrine does not require another court to affirm or continue to apply a legally erroneous ruling, see Hill, 696 F.2d at 290 n.3, the Court finds it necessary to note that Gallagher has not satisfactorily convinced the Court that addressing the merits of her argument

would compel a different result than that reached in the prior appeal of this matter in In re Gallagher, 388 B.R. 704. Accordingly, the Court rejects Gallagher's first argument and finds no error in the bankruptcy court's refusal to reconsider the issue of whether the judgment for alienation of affection is nondischargeable.

Next, Gallagher contends that the bankruptcy court erred by failing to conduct the appropriate review on remand as set forth in In re Gallagher, 388 B.R. 694. Gallagher combines this second issue with the third issue: whether the bankruptcy court erred in apportioning damages between the dischargeable tort of criminal conversation and the nondischargeable tort of alienation of affection. The gravamen of Gallagher's argument is that the bankruptcy court erred by considering certain evidence outside the appropriate time frame as identified by the court in the remand order. To the contrary, the bankruptcy court specifically stated in open court–which Gallagher acknowledges and even recites verbatim in her brief– that he would not consider any evidence "that happened beyond when the jury set the amount of the award . . . ." (See Appellant's Brief, p. 15, quoting Transcript of Hearing on March 15, 2010, before Hon. J. Craig Whitley, 20-ap-3243 (hereinafter, "Transcript"), p. 8). The court went on to say, "[B]ut, I will allow you to put it up to preserve it for appeal purposes." Gallagher has failed to identify any portion of the bankruptcy court's order showing that court relied on evidence of damages occurring after the state court judgment was rendered.

Gallagher also seems to argue the bankruptcy court erred by receiving evidence at all, as opposed to limiting itself to the exact evidence–testimony or otherwise–presented in the State Court Action. This case presented a unique situation for the bankruptcy court, and likewise, for this Court. For reasons unknown (although it appears to be due to no fault of the parties, counsel, or the bankruptcy court), a transcript of the State Court Action was unavailable. The parties failed to

submit a special verdict form to the jury to aid in deciding the dischargeability issues before the bankruptcy court. Thus, as the bankruptcy court noted, it is impossible to ascertain "what [the jury] decided or why. . . I can't know what the state jury did, and no one can get them back at this juncture. So we are going to have to do the best we can." Transcript, p. 6-7. The bankruptcy court then proceeded to receive evidence, make findings as to credibility and weight of the evidence, and make conclusions as to what portion of the jury verdict of $125,000 should be allocated as damages for the nondischargeable debt for alienation of affection and what portion should be allocated as dischargeable damages for criminal conversation.

Obviously, the preferential method for the bankruptcy court to have determined how to apportion damages would have been to review and rely on a special verdict form, or, since that did not exist, the transcript of the evidence presented to the jury in the State Court Action. In fact, the bankruptcy court acknowledged that many of the disputes between the parties in the underlying adversary proceeding could have been avoided "had the jury made more specific findings with regard to these torts, particularly damages; and . . . it would have been more efficient for the same finder of fact to determine both the torts and dischargeability." (Memorandum Order, Whitley, J., 02-ap-3243, Doc. No. 60, May 11, 2010, p. 14-15). Without the benefit of a transcript or a clear decision from the jury, however, the bankruptcy court sought to use the best available means to recreate (as much as possible) a re-presentation of the evidence on damages. Gallagher has not shown how, under these unusual circumstances, this constitutes error.

Gallagher makes a passing reference that the bankruptcy court considered evidence that the jury did not consider in the State Court Action. To the extent Gallagher makes argument on this contention, she has not identified evidence considered and relied upon by the bankruptcy court that was not also presented, at least generally, to the jury. Gallagher mentions a letter from Keever's

husband, but it is unclear whether this was presented in the State Court Action, and it appears to be inconsequential to the bankruptcy court's ultimate decision on the apportionment of damages between the two torts.[1] Again, the Court acknowledges that it is difficult to know exactly what was and was not considered in the State Court Action; however, Gallagher provides no attempt to support her assertion other than identifying a portion of the hearing transcript where she contends opposing counsel conceded that "different evidence" was presented before the two courts. In the Court's opinion, this completely misconstrues what opposing counsel said at the hearing. A review of the transcript indicates opposing counsel was discussing the parties' presentation of evidence as being "different" from each other - not different from that presented to the jury. Transcript, p. 87. Nevertheless, because it appears that the bankruptcy court made reasonable and adequate efforts to conduct a hearing as near as possible to the presentation of evidence in the State Court Action and because it remains inconclusive that the bankruptcy court relied on any evidence outside those proceedings, the Court finds no error in the method used by the bankruptcy court on remand to determine how to apportion damages.

Finally, Gallagher challenges the bankruptcy court's ruling that the two torts of criminal conversation and alienation of affection "coexist, " as well as the ultimate holding that the entire $125,000 verdict could be attributed to damages for alienation of affection. Order, p. 19. As the bankruptcy court acknowledged in reaching its conclusion, "This combination of tort liability is so prevalent that in North Carolina, it is the usual practice for the judge to submit only one damages issue to the jury for both torts." Order, p. 20 (citing 1 N.C. Family Law Practice, § 5:5; Sebastian

---

[1] The bankruptcy court obviously considered the letter in making the finding of fact on when the relationship ended, which is appropriate considering the letter from Keever's husband essentially, in effect, made the impending separation final. This Court, however, is unconvinced that the letter played a significant, if any, role in determining the apportionment of damages.

v. Kluttz, 6 N.C. App. 201, 170 S.E.2d 104 (1969); Scott v. Kiker, 50 N.C. App. 458, 297 S.E.2d 142 (1982); Darnell v. Rupplin, 91 N.C. App. 349, 371 S.E. 2d. 743 (1988)). In fact, the same law applies when determining damages for the two claims:

> Damages for claims of alienation of affections and criminal conversation are limited to the present value in money of the support, consortium, and other legally protected marital interests lost due to a defendant's actions. Hutelmyer v. Cox, 133 N.C.App. 364, 514 S.E.2d 554, disc. review denied, 351 N.C. 104, 541 S.E.2d 146 (1999), appeal dismissed, 351 N.C. 356, 542 S.E.2d 211 (2000). These damages must be proved by a certain level of certainty and cannot be based on pure conjecture. Oddo v. Presser, 158 N.C.App. 360, 581 S.E.2d 123 (2003), aff'd in part and rev'd in part on other grounds, 358 N.C. 128, 592 S.E.2d 195 (2004).
>
> . . . .
>
> In an action for alienation of affections and criminal conversation, an injured spouse is entitled to recover, as compensatory damages, actual pecuniary loss, as well as "loss of consortium, humiliation, shame, mental anguish, loss of sexual relations, and the disgrace the tortious acts of defendant have brought." Scott v. Kiker, 59 N.C.App. 458, 462, 297 S.E.2d 142, 146 (1982). As for criminal conversation, our Courts have recognized that the measure of damages is incapable of precise computation. Gray v. Hoover, 94 N.C.App. 724, 381 S.E.2d 472, disc. review denied, 325 N.C. 545, 385 S.E.2d 498 (1989). In awarding such damages, the jury "may consider the loss of consortium, mental anguish, humiliation, injury to health, and loss of support [.]" Sebastian v. Kluttz, 6 N.C.App. 201, 220, 170 S.E.2d 104, 116 (1969). "[T]he gravamen of damages in [alienation of affections and criminal conversation] torts is mental distress, a fact that gives juries considerable freedom in their determinations." Hutelmyer, 133 N.C.App. at 373, 514 S.E.2d at 561 (quotation marks and citations omitted).

Boileau v. Seagrave, 667 S.E.2d 341, *4-5 (N.C.App. 2008) (unpublished) (alterations in original).

The North Carolina Supreme Court has recognized the remarkable relationship between the two torts.

> "[B]ecause the two causes of action [alienation of affection and criminal conversation] and the elements of damages here are so connected and intertwined, only one issue of . . . damages should be submitted to the jury." Sebastian v. Kluttz, 6 N.C.App. 201, 220, 170 S.E.2d 104, 116 (1969). If decided by separate juries, any recovery for one is reduced by that of the other. Gray v. Hoover, 94 N.C.App. 724, 731, 381 S.E.2d 472, 476, disc. rev. denied, 325 N.C. 545, 385 S.E.2d 498 (1989).

-10-

> In light of this legal interdependence, the same jury should determine damages for both claims.

McCutchen v. McCutchen, 624 S.E.2d 620, 623 (N.C. 2006) (allowing an interlocutory appeal of summary judgment on plaintiff's alienation of affection claim because it was so "intertwined" with the criminal conversation claim). It follows, then, that it is possible that a damages award for both criminal conversation and alienation of affection is roughly analogous to the concept of joint and several liability.

The evidence in the record supports the bankruptcy court's conclusion that "Gallagher's liability to Keever for criminal conversation was but one contributing factor to the alienation of affections that she caused." Based on the evidence, it is possible that the jury in the State Court Action viewed the claims and awarded the respective damages the same manner as the bankruptcy court. The Court finds the most striking evidence to support the bankruptcy court's findings and conclusions to be the testimony that Keever and her husband expressed an interest to continue their marriage after Keever discovered the sexual relationship between her husband and Gallagher (which appears to be the acts constituting criminal conversation). After Keever confronted Gallagher and informed her of the plan to remain married, the record shows that Gallagher continued to have a relationship, although non-sexual, with Keever's husband. Thus, even though the conduct constituting criminal conversation might have played an integral role in the early stages of the affair, it was the conduct that occurred afterwards that appears to have caused the alienation of affection and led to the termination of Keever's marriage.

Deferring to the bankruptcy court's credibility determinations, as well as the resolution of what weight to give the evidence, this Court finds that the record amply supports the facts as found by the bankruptcy court concerning how the damages award should be apportioned between the two

causes of action. Gallagher has failed to show error in either the findings of fact or the conclusions of law.

## CONCLUSION

In accomplishing this task before it on remand, the bankruptcy court was placed in the extremely difficult position of having to decide how the jury would have divided its judgment among the two causes of action if it had been asked. The Court acknowledges that Gallagher argues several possible logical explanations for the jury's verdict and apportionment for damages, some of which were considered by the bankruptcy court in its order. However, without a clear direction as to why or how the jury might have apportioned their damages award, and because the bankruptcy court's calculation is supported by the record, it should not be disturbed.

IT IS, THEREFORE, ORDERED that the Order entered by the bankruptcy court is **AFFIRMED**. The Clerk is directed to **CLOSE** this case.

IT IS SO ORDERED.

Signed: March 25, 2011

Frank D. Whitney
United States District Judge